UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **JIWON IRIS BYUN-GARSON**,<br><br>　Plaintiff,<br><br>v.<br><br>**BENJAMIN E. SASSE,**<br>in his official capacity as<br>President, University of Florida,<br><br>**CHRISTINA LAMB**,<br>in her official capacity as Director,<br>Student Financial Aid and<br>Scholarships, University of Florida,<br><br>**ALEJANDRO MAYORKAS,**<br>in his official capacity as<br>Secretary, U.S. Department of<br>Homeland Security, and<br><br>**MIGUEL CARDONA,**<br>in his official capacity as<br>Secretary, U.S. Department of<br>Education,<br><br>　Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY
<u>AND INJUNCTIVE RELIEF</u>**

JIWON IRIS BYUN-GARSON ("Jiwon" or "Plaintiff") respectfully files the instant Complaint for Declaratory and Injunctive Relief, and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction lies under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201 *et seq.* (Declaratory Judgment Act); 5 U.S.C. §§ 551, *et seq.* (Administrative Procedure Act); and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), (c)(2), and (e)(1)(A)-(B) because: (a) two (2) of the Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under the color of legal authority; (b) two (2) of the Defendants reside in this District; (c) no real property is involved in this action; and (d) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3. Ms. Jiwon Iris Byun-Garson is a United States parolee who actively has a pending Form I-485, Application to Register Permanent Residence or Adjust Status (also known as "Green Card" application), on file with U.S. Citizenship and Immigration Services ("USCIS"). *See* Form I-797C, Notice of Action (attached hereto as **Exhibit A**). Jiwon is currently a first-year undergraduate student at the University of Florida ("UF") in Gainesville, Florida. *See* Enrollment Verification

(attached hereto as **Exhibit B**). She is seeking federal financial aid to fund her educational expenses, such as tuition, related to her attendance at UF.

4. Defendant Benjamin E. Sasse is President of UF. As President, Defendant Sasse is responsible for the general administration of all UF activities, including student financial aid programs. This action is brought against Defendant Sasse in his official capacity only.

5. Defendant Christina Lamb is the Director of Student Financial Aid and Scholarships at UF. Defendant Lamb is responsible for the administration of student financial aid at UF. This action is brought against Defendant Lamb in her official capacity only.

6. Defendant Alejandro Mayorkas is the United States Secretary of Homeland Security. Defendant Mayorkas is responsible for administration of laws and regulation governing immigration and naturalization and authorized to delegate such powers and authority to subordinate employees of DHS. This action is brought against Defendant Mayorkas in his official capacity only.

7. Defendant Miguel Cardona is the United States Secretary of Education. Defendant Cardona is responsible for the administration and oversight of policies on federal financial aid for education as well as distribution and monitoring those federal student financial aid funds. This action is brought against Defendant Cardona in his official capacity only.

## **FACTS & BACKGROUND**

### *Jiwon is Eligible for*
### *Federal Financial Assistance*
### *34 C.F.R. § 668.33(a)(2)(ii)*

8. Jiwon is currently a first-year undergraduate student at UF, enrolled in a baccalaureate degree program of study, and majoring in Civil Engineering. *See* Exhibit B.

9. Jiwon, a citizen and native of South Korea, originally entered the United States on or about November 21, 2006, at the age of one (1) year old, with her biological parents.

10. As a victim of parental neglect, Jiwon was placed with United States citizens in a legal guardianship in February 2020, when she was fourteen (14) years old, which subsequently was finalized as a full adoption in September 2020.

11. Jiwon completed all of her primary and secondary education in the United States and graduated high school with a 4.0 grade point average. Jiwon also participated extensively in extra-curricular activities such as marching band; cybersecurity academy; and Future Business Leaders of America.

12. On or about March 11, 2022, Jiwon and her parents concurrently filed Forms I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residence or Adjust Status (also known as "Green Card" application),

seeking Jiwon's acquisition of Lawful Permanent Resident status in the United States. *See* Exhibit A.

13. USCIS has not yet adjudicated Jiwon's adjustment of status application; however, she remains in lawful immigration status and is authorized to remain in the United States up through and including July 18, 2024, which will extend continuously as long as her adjustment of status application remains pending. *See* Form I-94, Arrival/Departure Record & Entry Stamp (attached hereto as **Exhibit C**).

14. Jiwon is also authorized to accept employment in the United States up through and including February 12, 2025. *See* Employment Authorization Document (attached hereto as **Exhibit D**).

15. In connection with her curricular studies at UF, Jiwon applied for Federal Student Aid to assist with funding her education.

16. To that end, on or about April 4, 2023, Jiwon filed a Free Application for Federal Student Aid ("FAFSA"), which was processed successfully without errors on April 13, 2023. *See* FAFSA Report (attached hereto as **Exhibit E**).

17. In connection with her FAFSA application, Jiwon was offered a total of $22,406.00, in financial assistance for the 2023-24 academic year, as detailed below:

| Gift Aid | Offered | Accepted | Fall 2023 | Spring 2024 | Summer 2024 |
|---|---|---|---|---|---|
| Federal Pell Grant | $7,395.00 | $7,395.00 | $3,697.50 | $3,697.50 | |
| Federal Supplemental Grant | $200.00 | $200.00 | $100.00 | $100.00 | |
| FL Student Assistance Grant | $2,610.00 | $2,610.00 | $1,305.00 | $1,305.00 | |
| FL Academic Scholars Award | $5,743.17 | $5,743.17 | ✓ $2,552.52 | $3,190.65 | |
| UF Undergraduate Grant | $3,000.00 | $3,000.00 | $1,500.00 | $1,500.00 | |
| UF Welcome Grant | $1,000.00 | $1,000.00 | ✓ $1,000.00 | | |
| Total | $19,948.17 | $19,948.17 | $10,155.02 | $9,793.15 | |

Term Breakdown     ✓ = Disbursed

| Work Study | Offered | Accepted | Fall 2023 | Spring 2024 | Summer 2024 |
|---|---|---|---|---|---|
| Federal Work Study [ACTION NEEDED] | $2,457.83 | | $1,228.91 | $1,228.92 | |
| Total | $2,457.83 | | $1,228.91 | $1,228.92 | |
| **Aid Package Total** | $22,406.00 | $19,948.17 | $11,383.93 | $11,022.07 | |

18.   In accordance with 34 C.F.R. § 668.33(a)(2)(ii), "to be eligible to receive title IV, HEA program assistance, a student must . . . [p]rovide evidence from the U.S. Immigration and Naturalization Service that he or she . . . is in the United States for other than a temporary purpose with the intention of becoming a citizen or permanent resident . . . ." *See* 34 C.F.R. § 668.33(a)(2)(ii).

19.   As evidenced by her application for adjust of status to that of Lawful Permanent Resident filed with USCIS on or about March 11, 2022, Jiwon "is in the

United States for other than a temporary purpose with the intention of becoming a citizen or permanent resident." *Id.*; *see also* Exhibits A, C, D.

20. Jiwon satisfied her burden under 34 C.F.R. § 668.130(b) to provide evidence of her valid immigration status to UF in connection with her request for Federal Student Aid. *See* Citizenship Verification Form (attached hereto as **Exhibit F**).

### *UF Denies Jiwon's Request for Financial Aid*

21. On or about July 5, 2023, the Office of Student Financial Aid and Scholarships ("SFAS") at UF notified Jiwon of its determination she is not eligible for student financial aid:

> From: EM - Office of Student Financial Aid and Scholarships <sfa-help@mail.ufl.edu>
> Date: July 5, 2023 at 9:36:04 AM EDT
> To: "Byun-Garson, Jiwon I." <jiwon.byungarson@ufl.edu>
> Subject: 2023-24 Eligible NonCitizenship Determination   [ ref:_00D412ElGo._5001K1FnuoE:ref ]
>
> Hello Jiwon,
>
> We submitted the documentation you gave to us for your eligible non-citizenship status to the Department of Homeland Security for their review to see if you are eligible for financial aid. Unfortunately, based on their review of the documentation provided, you are not eligible for financial aid with your current status. If in the future your status changes, please do not hesitate to reach out to us so that we can resubmit and check to see if your new status would qualify.
>
> While federal funding for your university endeavor, at least with your current immigration status, is not available, there are many other options available to you. You can check out our scholarship page to see if you qualify for any institutional or outside scholarships: http://www.sfa.ufl.edu/types-of-aid/scholarships/
>
> If you have any questions, please contact the UF OneStop at www.onestop.ufl.edu.
>
> Regards,
>
> Marie Guerra Rosado
> Student Financial Aid and Scholarships
> Division of Enrollment Management
>
> ref:_00D412ElGo._5001K1FnuoE:ref

*See* Correspondence (attached hereto as **Exhibit G**) at p. 2.

22. Following the denial of Jiwon's request for student financial aid, her father, Chris Garson, began steadfast efforts to engage with SAFS to explain why his daughter is, contrary to UF's determination, eligible for financial aid in

accordance with Department of Education ("DOE") and Department of Homeland Security ("DHS") guidelines, as well as Florida law. *Id.* at pp. 1-29.

23. In response, on or about July 6, 2023, a SAFS official averred that she received, per Systematic Alien Verification for Entitlements ("SAVE"), administered by DHS, notice that Jiwon's status was: "application pending as a non-national of the US that has filed an application with USCIS for an extension, change or adjustment of status or to obtain employment, but a decision has not yet been made." *Id.* at p. 3.

24. The SAFS official ignored that Jiwon was a pending applicant for Lawful Permanent Residence Status in the United States and incorrectly averred that she was only present in the United States on "advanced parole." *Compare Id.* at p. 3 (averring advanced parole status) *with* Exhibits A, C, D (establishing "DA/AOS" status up through and including July 18, 2024, and the pendency of Jiwon's adjustment of status application, and authorized employment status up through and including February 12, 2025).

25. On or about August 2, 2023, a SAFS official contacted Mr. Garson by telephone and explained that Jiwon's SAVE response was insufficient because it must state "Pending Application I-485," versus "Pending Application," as was the case with Jiwon.

26. The SAFS official refused to credit the notation in Jiwon's SAVE Response, to wit: "Pending Application I-485," as detailed below:



See SAVE Response dated Jun. 16, 2023 (attached hereto as **Exhibit H**) (emphasis added).

27. Despite consistent efforts by Mr. Garson to engage with SAFS, as of August 14, 2023, Jiwon's request for Federal Student Aid remained on hold; accordingly, Mr. Garson began to inquire about Jiwon's eligibility for a Florida Student Assistance Grant Program ("FASG") and/or UF Undergraduate Grant. *See* Exhibit G at pp. 17-29.

28. In accordance with Section 1009.40(1)(a)(2), Florida Statutes, "general requirements for eligibility of students for state financial aid awards and tuition assistance grants . . ." include only "[r]esidency in [Florida] for no less than 1 year preceding the award of aid or a tuition assistance grant . . . ." *See* Fla. Stat. § 1009.40(1)(a)(2) (2023).

29. The University of Florida has determined Jiwon is a Florida resident. *See* Residency Status (attached hereto as **Exhibit I**).

30. Notwithstanding this authority, the same SAFS official noted that eligibility for FASG and/or UF Undergraduate Grants require a student to submit an "error-free FAFSA," and incorrectly averred that Jiwon's FAFSA contained errors. *Id.*; *see also* Exhibit E (noting "Current Application Status: Processed Successfully").

31. Finally, on or about August 18, 2023, the same SAFS official advised Mr. Garson: "We have exhausted all options available through our office. If you still want to discuss this matter in-person, I am willing to meet with you. However, I

would only be able to reiterate the above facts and would not be able to help you further." *See* Exhibit G at p. 30.

32. On or about August 24, 2023, Mr. Garson proceeded to meet in-person with supervisory officials at SAFS in an attempt to resolve Jiwon's eligibility for Federal Student Aid, FASG, and/or other Florida State student financial aid programs.

33. This meeting—same as all other steadfast efforts by Mr. Garson to rectify Jiwon's financial aid status—was unsuccessful.

34. Despite her clear eligibility for Federal Student Aid under 34 C.F.R. § 668.33(a)(2)(ii), and FASG and/or other Florida State student financial aid programs under Section 1009.40(1)(a)(2), Florida Statutes, Jiwon remains without critical financial assistance to attend college, directly due to her current and/or perceived immigration status in the United States.

## CLAIMS FOR RELIEF

### COUNT I
### DECLARATORY JUDGMENT

35. Plaintiff adopts, repeats, and realleges all foregoing allegations in Paragraphs 1-34 above as though fully stated and set forth herein.

36. An actual controversy exists between the Parties as to Plaintiff's eligibility for Federal Student Aid, Florida Student Assistance Grant Programs,

and/or other Florida State student financial aid programs, based on her current and/or perceived immigration status in the United States.

37. University of Florida has made a final agency action, to wit: Plaintiff is "not eligible for financial aid with [her] current status."

38. Contrary to the determination by the University of Florida, Plaintiff is eligible for and entitled to financial aid under both 34 C.F.R. § 668.33(a)(2)(ii), and Section 1009.40(1)(a)(2), Florida Statutes.

39. Defendants' failure to act has harmed and continues to harm Plaintiff vis-à-vis her access to higher education.

40. There are no other adequate remedies available.

41. There is a bona fide, actual, present, and practical need for entry of a declaratory judgment.

42. A declaratory judgment will terminate and conclude the controversy between the Parties.

## COUNT II
## EQUAL PROTECTION CLAUSE

43. Plaintiff adopts, repeats, and realleges all foregoing allegations in Paragraphs 1-34 above as though fully stated and set forth herein.

44. The Fifth and Fourteenth Amendments to the United States Constitution prohibit the denial of equal protection of the laws based on national

origin, nationality, alienage and/or being a member of a discrete and insular minority.

45. There is no substantial justification for the University of Florida's refusal to approve Plaintiff for Federal Student Aid, Florida Student Assistance Grant Programs, and/or other Florida State student financial aid programs, which refusal was based solely on Plaintiff's national origin, nationality, alienage and/or being a member of a discrete and insular minority.

46. The University of Florida's refusal to approve Plaintiff for Federal Student Aid, Florida Student Assistance Grant Programs, and/or other Florida State student financial aid programs is neither necessary nor the least restrictive means to achieve any compelling purpose.

47. The University of Florida's refusal to approve Plaintiff for Federal Student Aid, Florida Student Assistance Grant Programs, and/or other Florida State student financial aid programs based solely on Plaintiff's current and/or perceived immigration status in the United States is discriminatory.

48. There is no rational relationship between the University of Florida's refusal to approve Plaintiff for Federal Student Aid, Florida Student Assistance Grant Programs, and/or other Florida State student financial aid programs—based solely on her current and/or perceived immigration status in the United States—and any legitimate state interest.

49. As a direct and proximate result of the University of Florida's refusal to approve Plaintiff for Federal Student Aid, Florida Student Assistance Grant Programs, and/or other Florida State student financial aid programs under color of law, Plaintiff has suffered and will continue to suffer injury.

## COUNT III
## INJUNCTIVE RELIEF

50. Plaintiff adopts, repeats, and realleges all foregoing allegations in Paragraphs 1-34 above as though fully stated and set forth herein.

51. Directly due to the University of Florida's refusal to approve Plaintiff for Federal Student Aid, Florida Student Assistance Grant Programs, and/or other Florida State student financial aid programs, Plaintiff has suffered irreparable injury.

52. Remedies at law, such as monetary damages, are inadequate to compensate for Plaintiff's injury.

53. Considering the balance of the hardships between the Parties, a remedy in equity is warranted.

54. The public interest would not be disserved by a permanent mandatory injunction in Plaintiff's favor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jiwon I. Byun-Garson respectfully requests that this Court enter judgment in her favor and against Defendants: (a) declaring, holding unlawful, and setting aside the determination by the University of Florida that she is

ineligible for Federal Student Aid and/or Florida Student Assistance Grant Programs, due to her current and/or perceived immigration status in the United States; (b) issuing mandatory injunctive relief ordering the University of Florida to facilitate her receipt of benefits flowing from Federal Student Aid and/or Florida Student Assistance Grant Programs; (c) awarding her reasonable costs, including reasonable attorneys' fees, incurred in this action; and (d) granting such other and further relief as this Court deems appropriate under the circumstances.

Date:  November 15, 2023	Respectfully submitted,

**DEMPSEY LAW, PLLC**

By:  /s/ Christopher W. Dempsey
Christopher W. Dempsey, Esq.
N.D. Fla. Bar No. 1038319
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 760-6272
chris@cdempseylaw.com

***Attorney for Plaintiff***